UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Alyce Anderson,<br><br>    *Plaintiff*,<br><br>v.<br><br>Louis DeJoy, *et al.*,<br><br>    *Defendants*. | No. 23 CV 11<br><br>Judge Lindsay C. Jenkins |

ORDER

Plaintiff Alyce Anderson, proceeding *pro se*, filed this employment discrimination action in December 2022. [Dkt. 1.] Anderson is a Postal Service employee who works at the Busse Processing and Distribution Center in an Illinois suburb. [*Id.* at 5.]

According to the Complaint, which consists of nine numbered paragraphs, Anderson was subjected to various instances of employment discrimination between 2019 and 2021 based on one or more protected characteristic. [*Id.* at 1–3.] Anderson also alleges that she "exercised her right to grieve, file, and engage in protected EEO activity with the United States Postal Service," and that various "EEO and Law Department Officials" "abused their authority by breaking Federal EEO Rules and Regulations in order to prevent, disrupt, and stop [her] from exercising her right" with the US Equal Employment Opportunity Commission. [*Id.* at 4.] The complaint seeks relief under the Civil Service Reform Act (CSRA), the Postal Service's Employee and Labor Relations Manual, EEO procedural regulations, Illinois Supreme Court Rules, and other statutes. [*Id.*]

The complaint identifies nine workplace incidents and EEO procedural matters that form the basis of Anderson's case. The Court treats each incident or matter as a separate count. They include: (1) a December 26, 2019 notice of reassignment based on Anderson's race, sex, disability, and retaliation; (2) a December 11, 2019 posting for a position detail that was awarded to another Postal employee based on race, sex, disability, and retaliation; (3) a 14-day suspension dated January 8, 2020 based on Anderson's race, sex, disability, and retaliation; (4) a January 8, 2020 failure to provide Anderson with all available job opportunities based on her race, sex, disability, and retaliation; (5) a May 2020 incident involving an EEO service analyst who failed to acknowledge receipt of a filing Anderson made that was based on her race, sex, disability, and retaliation; and (6–9) a series of allegations against the agency attorney assigned to handle Anderson's EEO proceedings that occurred on December 29, 2020, January 23, 2021, March 12, 2021, and April 21,

1

2021, all of which were based on race, sex, disability, retaliation or involved harassment. [Dkt. 1 at 1–3.]

Defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss under Rule 12(b)(6), plaintiff's complaint must allege facts which, when taken as true, 'plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.'" *Cochran v. Illinois State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). The Court accepts "all well-pleaded facts as true and draws all reasonable inferences in plaintiff's favor." *Id.* at 600 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

First, Defendants argue that Anderson's workplace discrimination claims described in Counts One through Four of the Complaint must be dismissed because they may only be brought under either Title VII of the Civil Rights Act of 1964 for workplace discrimination claims, or the Rehabilitation Act of 1973 for any disability claim. [Dkt. 35 at 6.] Defendants explain that Title VII is "the exclusive remedy for federal workplace discrimination," and the Rehabilitation Act is the only remedy for disability claims. Anderson's response brief does not address this argument. [Dkt. 37.]

Counts One through Four of the Complaint reference the CSRA, various sections of the Postal Service's Employee and Labor Relations Manual, and other regulations, but none purport to be raised under Title VII or the Rehabilitation Act. [*See* Dkt. 1 at 1-3.] It is well settled that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 835 (1976); *Wilson v. Brennan*, 724 Fed. Appx. 466, 469 (7th Cir. 2018) (affirming dismissal of a *pro se* plaintiff's claims arising out of his employment with the Postal Service because "Title VII is the exclusive remedy.") Likewise, because the Complaint mentions disability discrimination, any disability claim may only be brought under the Rehabilitation Act. Because these claims are not cognizable as pled, Counts One through Four may only proceed as Title VII claims, or to the extent her claims sound in disability discrimination, the Rehabilitation Act.

Second, Defendants argue that none of Anderson's claim are cognizable under the CSRA, 5 U.S.C. § 2302, or the Federal Service Labor-Management Relations Act (FSLMRA), 5 U.S.C. § 7116. Again, Anderson does not directly respond to this argument in her brief. [Dkt. 37.] Employees of the Postal Service are not designated "employees" by the CSRA. 5 U.S.C. § 2105(e) ("an employee of the United States Postal Service . . . is deemed not an employee for purposes of this title."). As Defendants explain, by creating the CSRA, "Congress removed the jurisdiction of federal district courts over personnel actions arising out of federal employment."

2

[Dkt. 35 at 8 (citing *Paige v. Cisneros*, 91 F.3d 40, 43 (7th Cir. 1996)).] And the Postal Service is covered by the National Labor Relations Act, not the FSLMRA. *U.S. Postal Service v. Nat'l Ass'n of Letter Carriers, AFL-CIO*, 9 F.3d 138, 139 n.1 (D.C. Cir. 1993). Thus, any claims brought under the CSRA or the FSLMRA fail as a matter of law and are dismissed.

Third, Defendants argue that Counts Five through Nine, which relate to the agency's EEO process, must be dismissed with prejudice because they improperly "seek recovery for the agency's handling of her EEO complaint." [Dkt. 35 at 9.] Public employees "have no claim against the EEO for failure to process a discrimination complaint." *Jordan v. Summers*, 205 F.3d 337, 342 (7th Cir. 2000). Instead, "an employee asserting such a grievance could go to district court for a decision on the merits." [*Id*.] Thus, Anderson may not bring the claims as alleged in Counts Five through Nine to the extent they are based on improper handling or mishandling by the EEO, whether by the assigned attorney or an analyst.[1]

Lastly, Defendants argue that to the extent the Complaint seeks to raise any workplace discrimination claims under Title VII or the Rehabilitation Act, it fails to meet basic pleading requirements of Federal Rule of Civil Procedure 8(a). [Dkt. 35 at 10–13.] Under Rule 8, a plaintiff need only plead a short and plain statement of the claims presented, the relief sought, the basis for the court's jurisdiction, and sufficient factual allegations to raise the plausible inference that the defendant is liable for the conduct complained of. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court is required to construe *pro se* complaints liberally. *Kaminski*, 23 F.4th at 776.

The Seventh Circuit has explained that although a plaintiff "need not plead detailed factual allegations to survive a motion to dismiss, she still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). In the employment discrimination context, these requirements mean a plaintiff must advance plausible allegations that she experienced discrimination because of her protected characteristics. *See Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

"To state a claim for discrimination under Title VII, a plaintiff need only allege that his employer instituted an adverse employment action against him on the basis of his protected status." *McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 367–68 (7th Cir. 2019). A Rehabilitation Act claims requires a plaintiff to allege that she is disabled; she is otherwise qualified to perform the essential functions of the job

---

[1] To the extent Anderson seeks to bring any tort claim related to the handling of her EEO matter, there has been no showing of waiver of sovereign immunity under the Federal Tort Claims Act. The FTCA's waiver of sovereign immunity does not include "[a]ny claim arising out of . . . libel, slander, [or] misrepresentation . . . ." 28 U.S.C. § 2680(h).

with or without reasonable accommodation; and the adverse job action was caused by her disability. *Stelter v. Wis. Physicians Serv. Ins. Corp.*, 950 F.3d 488, 490 (7th Cir. 2020).

Each count of the Complaint begins with the phrase(s) "race/color (black), sex (female), disability (ptsd, anxiety, depression, panic attacks), and retaliation (for engaging in prior EEO protected activity)," and/or "harassment (non-sexual)." But these labels alone do not necessarily satisfy Rule 8's requirements. With two exceptions, the Complaint contains few if any factual allegations directly or indirectly connecting the events she identifies in each Count with discrimination based on her protected characteristic. "It is not enough for the complaint to observe only that federal law prohibits" certain acts, there must be some facts that make her contentions plausible. *Kaminski*, 23 F.4th at 776.

Liberally construed, only Counts Two and Three plausibly state a claim for discrimination or retaliation. Count Two alleges that on December 11, 2019, a postal official posted a detail opportunity that would begin on January 4, 2020, and that the "detail assignment was awarded before December 26, 2019 to (Charles Kopsian) White, male, from another shift, and different Occupational Group." [Dkt. 1 at 1.] Count Three alleges that on January 8, 2020, a postal official issued Anderson a 14-day suspension after Anderson "filed an EEO complaint with the [Postal Service]" on January 5, 2020 that arose from a notice of reassignment. This is enough to state a claim for race and gender discrimination in Count Two, and for retaliation in Count Three.

The remainder of the Counts, however, do not state any claim. In Count One, Anderson alleges that on December 26, 2019, she was issued a 60-day notice of reassignment without being provided "a list of all available job positions." Count Four alleges that on January 8, 2020, Anderson received a notice that failed to provide her with "all of the available job opportunities." These statements do not contain facts that make her discrimination contentions plausible.

Anderson's complaint is unclear about whether Counts Five, Six, Seven, Eight and Nine, all of which relate to the EEO process, also seek to raise discrimination claims. The Court does not read them as doing so; indeed, they merely refer to "race/color (black), sex (female), disability (ptsd, anxiety, depression, panic attacks), retaliation (for engaging in prior EEO protected activity)," and/or "harassment (non-sexual)," at the outset without anything more. In an abundance of caution, however, the Court analyzes these Counts through the lens of a workplace discrimination claim under Title VII and the Rehabilitation Act, bearing in mind that the allegations refer to the listed protected characteristics.

Count Five alleges that on May 22, 2020, an EEO Services Analyst "failed to acknowledge receipt of and reply to" certain correspondence. [Dkt. 1 at 2.] The remaining Counts allege that an agency attorney failed to: "comply with, sign/date

4

and return" certain cease and desist notices (Count Six); acknowledge, respond to or inform the Administrative Judge that Anderson had submitted various documents including a settlement demand (Count Seven); refused certain requests for copies of discovery (Count Eight); and made false and fraudulent statements regarding Anderson's FMLA conditions (Count Nine). Even liberally construed, and even with the prefatory references to her membership in several protected categories, none of these allegations contain facts that render a discrimination claim plausible. *Kaminski*, 23 F.4th at 776. These Counts are also dismissed.

\* \* \* \* \*

Defendants' motion to dismiss [Dkt. 34] is granted in part and denied in part. To recap, Count Two states a claim for race and/or gender discrimination, and Count Three states a claim for retaliation, though these claims may only proceed under Title VII. Counts One and Four are dismissed without prejudice. Counts Five, Six, Seven, Eight and Nine are dismissed to the extent they seek relief under the CSRA, the FSLMRA, Postal manuals or other regulations, and to the extent they are based on the handling of her EEO complaint. Anderson may attempt replead Counts One, Four, Five, Six, Seven, Eight and Nine, but to the extent she wishes to raise these matters as an employment discrimination claim, she may do so only under Title VII or the Rehabilitation Act, bearing in mind the minimum required to state such a claim as discussed above.

Enter: 23-cv-11
Date: November 3, 2023

_____
Lindsay C. Jenkins
United States District Judge